EXHIBIT B


Complaint to Trans Union, LLC

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

ANTHONY ROBINSON
1010 Folcroft Lane
Largo, Maryland 20774

    *Plaintiff,*

v.                                  Case No. _____

TRANS UNION, LLC
**Serve:** CSC-Lawyers Incorporating Service Company
      7 Saint Paul Street, Suite 820
      Baltimore, Maryland 21202

    *Defendant.*

## COMPLAINT AND JURY DEMAND

The Plaintiff, Anthony Robinson, by and through undersigned counsel, files suit against Trans Union, LLC ("Trans Union"), and alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act or "FCRA") and the common law tort of defamation.

### PARTIES, JURISDICTION AND VENUE

2.     Plaintiff is a natural person who resides in the Maryland. At all relevant times he was a "consumer" as defined by 15 U.S.C. §1681a(c).

3.     Defendant Trans Union is a credit reporting agency that operates throughout the United States, including the state of Maryland.

**FACTUAL ALLEGATIONS**

4.      In 2018, Mr. Robinson viewed his Trans Union credit report and observed that United States Department of Education ("USDE") was reporting four student loan accounts.

5.      The USDE accounts had been previously removed from his Trans Union report.

6.      Trans Union either did not block the USDE accounts from Mr. Robinson's report or it initially blocked the information, but added the accounts back to Mr. Robinson's report.

7.      The credit report was inaccurate because Mr. Robinson did not have a single student loan account with USDE, let alone four different accounts.

8.      In May 2018, Mr. Robinson disputed the USDE accounts with Trans Union.

9.      In his dispute letter, Mr. Robinson stated that he "did not open or authorize the creation of these accounts." Mr. Robinson apprised Trans Union that these same student loan accounts had been disputed before and removed. The dispute letter explained that the accounts were removed as a result of litigation and a resulting settlement. Included in the dispute letter were the case number and contact information for Trans Union's attorney in that action. As explained in the dispute letter, the purpose of the case number and attorney information was to allow Trans Union to verify that the student loan accounts should not be on his report.

10.     Continuing, the letter indicated that Mr. Robinson's daughter, LaKeisha Robinson, could provide information for Trans Union's investigation into who opened the accounts. Mr. Robinson also requested that Trans Union ask USDE how it was able to verify that he opened the account. To further support his claim, Mr. Robinson included a copy of the police report he filed wherein he swore the student loan accounts were fraudulent and the result of identity theft.

11.     Trans Union did not investigate Mr. Robinson's dispute. Instead, Trans Union merely forwarded notice of the dispute to USDE without reviewing and considering the Plaintiff's dispute and supporting documentation.

12.     Alternatively, Trans Union did review Plaintiff's dispute and supporting documentation, but did not consider the dispute and documentation when it made its decision to report the account as verified. Instead, Trans Union reported the information the furnisher instructed Trans Union to report despite the fact that the furnisher's information could not be reconciled with the information Trans Union received from Plaintiff.

13.     Trans Union's credit reports containing the false USDE student loan accounts were prepared and published to third parties.

### COUNT ONE: VIOLATION OF 15 U.S.C. § 1681e(b)

14.     Plaintiff incorporates paragraphs 1 through 13.

15.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Robinson's credit reports and credit files that it published and maintained concerning Mr. Robinson.

16.     As a result of Defendants' violations of 15 U.S.C. § 1681e(b), Mr. Robinson suffered actual damages, including but not limited to: loss of credit opportunity, damages to reputation, embarrassment, humiliation and other mental and emotional distress.

17.     The violations by Defendant were willful, rendering the Defendant liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Mr. Robinson to recovery under 15 U.S.C. § 1681o.

18.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT TWO: VIOLATION OF 15 U.S.C. § 1681i(a)(1)

19.     Plaintiff incorporates paragraphs 1 through 18.

20.     Defendant violated 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(5)(A) by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and to record the current status of the disputed information, or by failing to delete the item from Plaintiff's report when it could not be verified.

21.     As a result of Defendant's violations of 15 U.S.C. § 1681i(a)(1), Mr. Robinson suffered actual damages, including but not limited to: loss of credit opportunity, damages to reputation, embarrassment, humiliation and other mental and emotional distress.

22.     The violations by Defendant were willful, rendering Defendant liable for punitive damages pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, which entitles Mr. Robinson to recovery under 15 U.S.C. § 1681o.

23.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF 15 U.S.C. §1681i(a)(2)(A)

24.     Plaintiff incorporates paragraphs 1 through 23.

25.     Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide USDE with all the relevant information regarding Mr. Robinson's disputes.

26.     As a result of Defendant's violations of 15 U.S.C. § 1681i(a)(2)(A), Mr. Robinson

suffered actual damages, including but not limited to: loss of credit opportunity, damages to

reputation, embarrassment, humiliation and other mental and emotional distress.

27.     The violations by Defendant were willful, rendering Defendant liable for punitive

damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which

entitles Mr. Robinson to recovery under 15 U.S.C. § 1681o.

28.     Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n and § 1681o.

## COUNT FOUR: VIOLATION OF 15 U.S.C. §1681i(a)(4)

29.     Plaintiff incorporates paragraphs 1 through 28.

30.     Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all

relevant information submitted by Mr. Robinson.

31.     As a result of Defendant's violations of 15 U.S.C. § 1681i(a)(4), Mr. Robinson

suffered actual damages, including but not limited to: loss of credit opportunity, damages to

reputation, embarrassment, humiliation and other mental and emotional distress.

32.     The violations by Defendant were willful, rendering the Defendant liable for

punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent,

which entitles Mr. Robinson to recovery under 15 U.S.C. § 1681o.

33.     Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n and § 1681o.

### COUNT FIVE: VIOLATION OF 15 U.S.C. §1681i(a)(5)(B)

34.    Plaintiff incorporates paragraphs 1 through 33.

35.    Defendant violated 15 U.S.C. § 1681i(a)(5)(B)(i) by reinserting information without requiring the furnisher of the reinserted information to certify that information was complete and accurate.

36.    Defendant violated 15 U.S.C. § 1681i(a)(5)(B)(ii) by failing to notify the Plaintiff that it reinserted the deleted information within five days of reinserting the information.

37.    Defendant violated 15 U.S.C. § 1681i(a)(5)(B)(iii) by failing to provide a statement that the disputed information was reinserted and failing to provide the business name and address of any furnisher of information that was involved in the reinsertion of the disputed information.

38.    As a result of Defendant's violations of 15 U.S.C. § 1681i(a)(5)(B), Mr. Robinson suffered actual damages, including but not limited to: loss of credit opportunity, damages to reputation, embarrassment, humiliation and other mental and emotional distress.

39.    The violations by Defendant were willful, rendering Defendant liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Mr. Robinson to recovery under 15 U.S.C. §1681o.

40.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT SIX: VIOLATION OF 15 U.S.C. § 1681c-2

41.    Plaintiff incorporates paragraphs 1 through 40.

42.     Defendant violated 15 U.S.C. § 1681c-2(a) by failing to block the USDE accounts from being reported to Plaintiff's credit report.

43.     Defendant violated 15 U.S.C. § 1681c-2(b) by failing to timely notify USDE that an identity theft had been filed and that a request was made to block the information.

44.     As a result of Defendant's violations of 15 U.S.C. § 1681c-2, Mr. Robinson suffered actual damages, including but not limited to: loss of credit opportunity, damages to reputation, embarrassment, humiliation and other mental and emotional distress.

45.     The violations by Defendant were willful, rendering Defendant liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Mr. Robinson to recovery under 15 U.S.C. § 1681o.

46.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

ANTHONY ROBINSON

Quinn B. Lobato
210 Grisdale Hill, Riva, MD 21140
Tel: (240) 305-4770
quinn.lobato@gmail.com
*Attorney for Plaintiff*

7